WILLIAMS & DAVIS, INCORPORATED, v. ROYDEN B. DAVIS ET AL.

Argued September 13, 1929—Decided September 24, 1929.

For the motion, *Bourgeois & Coulomb.*

*Contra, Repetto & Godfrey (McCarter & English,* of counsel).

The opinion of the court was delivered by

CAMPBELL, J. This is a motion to vacate an order made by me, September 4th, 1929, appointing an auditor and directing the giving of notice of the issuance of a writ of attachment. The reason set forth in the notice is that the order was improvidently made and entered.

Concisely stated, the reason urged upon the argument before me is that the basis of the action is fraud, not in the making of the contract, but in its execution or performance, and for that reason the action sounds in tort and not in contract, and the amount sought to be recovered is for unliquidated damages, and, therefore, the proceeding is not under "An act for the relief of creditors against absent, fraudulent and absconding debtors" (1 *Comp. Stat., p.* 132), but under "An act to regulate the practice of law (Revision of 1903)," 3 *Comp. Stat., p.* 4053, and the procedure under this latter act does not contemplate or provide for the appointment of an auditor.

Plaintiff in attachment has treated the proceeding as one brought under the first mentioned act of 1901 and I am inclined to the conclusion that that being so this application should be and must be denied for the reason that the notice of motion attacks only the order in question and not any of the prior proceedings before the commissioner.

I am assuming, however, that upon this motion I may examine the order of the commisioner authorizing the issuance of the writ for the purpose of determining whether or not it sets forth an adjudication bringing the cause within the provisions of the General Attachment act of 1901 or those of the Practice act of 1903. I am convinced it does. The act of 1901 provides, *inter alia,* for the issuance of a writ of attachment where "the court, or a judge thereof, or a Supreme Court commissioner shall make an order for the issue of an attachment upon proof, by affidavit of fraud which would warrant an order for a *capias ad respondendum."*

Section 57 of the Practice act of 1903 provides that a *capias* may issue, where it is shown that defendant "fraudulently contracted the debt or *incurred the demand."*

544

In *Westcott* v. *Sharp,* 50 *N. J. L.* 392 (at *p.* 395), it is held: "The right to waive the tort and bring an action for money had and received where the defendant has obtained the plaintiff's money by fraud or false color or pretense, is settled. * * * There must be privity of contract, express or implied. * * * This privity may be implied from the fraudulent appropriation of another's money."

The rule for determining whether damages are liquidated or unliquidated is fixed by *Hecksher* v. *Trotter,* 48 *N. J. L.* 419 (at *p.* 421), as follows:

"The general rule adopted by all the courts is consistent and uniform, that where the cause of action arises from a debt or money demand, or where it sounds in damages, but the damages are capable of being ascertained with certainty, by mere arithmetical computation, the defendant may be holden to bail."

Measured by these rules the order for the attachment is justified under the General Attachment act of 1901.

The motion to vacate the order is therefore denied.